UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHANNON FALK,                                                    No. 07-10865

                                    Debtor(s).
_____/

SHANNON FALK,

                                    Plaintiff(s),

        v.                                                                        A.P. No. 07-1080

MICHAEL FALK,

                                    Defendant(s).
_____/

Memorandum and Order on Motion for Turnover
_____

     Shannon Falk is, at least for now, a Chapter 11 debtor in possession. She filed her Chapter 11 as a result of a dispute with her former husband, Michael Falk. Prior to her filing, a state court had ordered her to sign a deed for the sale of marital real property. When she refused, evidently deciding that her belief that Michael was engaging in mortgage fraud trumped the state court order, the state court ordered that the property be sold on the signature of the clerk of the court and the proceeds held in the trust account of Michael's attorney. Shannon has moved the court for an order that the attorney turn over the funds to her as

1

debtor in possession pursuant to § 543 of the Bankruptcy Code.

The court begins by noting that this motion should not have been filed in an adversary proceeding. Motions brought under § 543 are proceedings seeking turnover of property to a trustee and are supposed to be brought in the base case pursuant to FRBP 7001(1).

Secondly, the court will not permit Shannon to exercise control over a dime of estate assets until it is sure that she is fit to be a debtor in possession. No person who wilfully disobeys a court order is fit to be a debtor in possession. Proper relief for an order improvidently entered is a motion for reconsideration or an appeal, not violation of the order.

It may well be that neither Shannon nor Michael is trustworthy. Until these matters can be determined properly, the court will do nothing except maintain the status quo.

IT IS THEREFORE ORDERED that Shannon's motion for turnover is denied, without prejudice to a motion for turnover filed in the base case.

IT IS FURTHER ORDERED that Michael's attorneys, Campoy & Bertram, shall continue to maintain said funds as ordered by the state court and shall not disburse any of said funds to any person for any reason without obtaining leave of this court.

IT IS FURTHER ORDERED that the time for any party or the U.S. Trustee to bring a motion for appointment of a trustee is shortened to ten days.

Dated: January 16, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge