UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHANNON FALK,　　　　　　　　　　　　　　　　　　　　No. 07-10865

　　　　　　　　　　　　Debtor(s).
_____/

SHANNON FALK,

　　　　　　　　　　　　Plaintiff(s),

　　　v.　　　　　　　　　　　　　　　　　　　　　　A.P. No. 07-1080

MICHAEL FALK,

　　　　　　　　　　　　Defendant(s).
_____/

Memorandum on Cross Motions for Summary Judgment
_____

　　　Chapter 11 debtor in possession and plaintiff Shannon Falk is the former wife of defendant Michael Falk. In this adversary proceeding, she seeks a determination that certain New York Limited Partnership interests which were formerly the separate property of Michael are now marital community property. The parties have each filed a motion for summary judgment.

　　　Michael has objected to extrinsic evidence offered by Shannon to prove that the limited partnership interests were transmuted to community property. It appearing that transmutation is to be determined by documentary evidence alone, those objections will be sustained and the court will consider only the documents.

1

While they were married to each other, Michael and Shannon established a marital trust dated December 1, 2001. On June 2, 2004, Michael and Shannon signed three documents. One was entitled "Property Agreement" and provided, in pertinent part:

> 1. Except as otherwise provided in this Agreement, we declare that all property owned by us on the date of this Agreement, or hereafter acquired by us, title to which is held (i) in both our names, including property held in joint tenancy form, or (ii) titled in the MICHAEL T. AND SHANNON M. FALK MARITAL TRUST dated December 1, 2001, (unless specifically designated as the separate property of either of us), is our community property. We hereby agree to change the character of any such joint property to community property if it is not already titled as community property.
>
> 2. We declare that any property, or interest in property, owned by either of us before our marriage or acquired by either of us at any time by gift or inheritance and that is registered or otherwise held in either of our names alone or that is designated as separate property under our Trust is the separate property of that spouse.

On the same day, Michael executed a document entitled "ASSIGNMENT OF INTEREST IN LIMITED PARTNERSHIP" which provided:

> FOR VALUE RECEIVED, the undersigned does hereby grant, assign and transfer to MICHAEL T. FALK and SHANNON M. FALK, as Trustees under the MICHAEL T. AND SHANNON M. FALK MARITAL TRUST dated December 1, 2001, all his right, title and interest in and to all his NEW YORK LIMITED PARTNERSHIPS.

Also on the same day, Michael and Shannon executed an amendment to the Trust which provided that they "have transferred and conveyed to the Trustees the property described in Exhibit "A" to this agreement." Exhibit "A," entitled "COMMUNITY PROPERTY TRANSFERRED TO THE TRUST," includes "New York Limited Partnerships."

The documents clearly show that the limited partnership interests were transmuted to community property. The assignment transferred them to the trust. The Property Agreement provided that any property held in the name of the trust was changed to community property, and Exhibit "A" to the amendment to the trust acknowledged the interests as community property.

Michael argues that "a spouse's simple transfer of his or her separate property to a marital trust for

2

management and inheritance purposes does not effect a change of the character and ownership of such property." This is a correct statement of the law. However, we do not have a "simple transfer" here. We have a transfer together with an agreement to change the character of the property and an express acknowledgment that the transferred property is community property. These facts distinguish this case from the cases Michael cites.

Michael's reliance on the second paragraph of the Property Agreement is misplaced. That paragraph says that notwithstanding the first paragraph separate property held in the name of either spouse alone or designated as separate property in the trust remains separate property. However, the partnership interests are neither. The are held in the name of the trust, not Michael, by virtue of the assignment. They are not designated as separate property in the trust. Therefore, the second paragraph of the Property Agreement does not apply to them.

Nor does paragraph C of section I of the trust avail Michael. That section merely says that property transferred to or withdrawn from the trust retains its character after transfer or withdrawal. That means that transfer or withdrawal, by itself, does not change the property. As noted above, it is not the transfer to the trust which changed the property but rather the Property Agreement. Paragraph C merely means that the limited partnership agreements, having been transmuted to community property, remain community property even if withdrawn from the trust.

For the foregoing reasons, Shannon's motion for summary judgment will be granted and Michael's will be denied. Counsel for Shannon shall submit an appropriate form of order so providing and an appropriate form of judgment.

Dated: January 21, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

3